BUNDO v CITY OF WALLED LAKE

1. INTOXICATING LIQUORS—LIQUOR LICENSES—NONRENEWAL—STAT-
   UTES.

   A statute which empowers a municipality to withhold renewal of
   a consumption on the premises liquor license, without any
   stated reason therefor, and which provides no appeal from the
   action of the municipality's legislative body is not constitution-
   ally infirm (MCLA 436.17).

2. INTOXICATING LIQUORS—CONSTITUTIONAL LAW—IMPAIRMENT OF
   CONTRACT.

   A liquor license is not a contract within the protection of the
   clause of the Constitution which protects against impairing the
   obligations of a contract.

3. INTOXICATING LIQUORS—OBLIGATIONS OF A CONTRACT—CONSTITU-
   TIONAL LAW—DUE PROCESS—PROPERTY—LIQUOR LICENSES.

   A liquor license is not property within the meaning of the due
   process clause; therefore, failure to renew a liquor license does
   not deprive the former licensee of property without due process
   of law.

4. INTOXICATING LIQUORS—LIQUOR LICENSES—RENEWAL.

   A local legislative body may arbitrarily and capriciously deny the
   renewal of an establishment's liquor license.

5. INTOXICATING LIQUORS—LIQUOR LICENSES—LICENSED PREMISES—
   PERMISSIBLE ACTIVITIES.

   Legal or illegal conduct and activity in liquor licensed premises
   derive from statute and regulation, not from agreement be-
   tween the licensee and the community.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 45 Am Jur 2d, Intoxicating Liquors §§ 174, 175.
· Grant or renewal of liquor license as affected by fact that applicant
   held such license in the past. 2 ALR2d 1239.
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 71, 186.
[3] 45 Am Jur 2d, Intoxicating Liquors § 117.
[5] 45 Am Jur 2d, Intoxicating Liquors § 27.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 April 10, 1974, at Lansing. (Docket No. 18860.) Decided May 2, 1974. Leave to appeal granted, 392 Mich 755.

Complaint by Benjamin Bundo, Jr., doing business as Camelot Inn, against the City of Walled Lake and the State Liquor Control Commission for a restraining order enjoining the revocation or nonrenewal of plaintiff's liquor license. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Paul G. Valentino, J. D., P. C.,* for plaintiff.

*Brennan & Bibeau, P. C.,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

PER CURIAM. This is not a lawsuit about topless dancing, although that is what the plaintiff says it is in the first page of his brief. That also is probably what the media will say if the opinion is found newsworthy.

The defendant agrees with the plaintiff that the ban on "stripping, striptease and/or go-go activities * * * [and] topless waitresses" is an issue in the case.

We have a different view. What we think is at issue, and very importantly so, is whether a statute[1] which empowers a municipality to withhold renewal of a consumption on the premises liquor license, without any stated reason therefor, and which provides for no appeal from the action of

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 436.17; MSA 18.988.

the municipality's legislative body, can continue to stand the challenge of constitutional infirmity.

Twenty years ago the State Supreme Court said it could. Of the statute, MCLA 436.17; MSA 18.988, the Court said it "vests in the local legislative body full power and discretion with respect to approval of such licenses. Even though exercised in an arbitrary and capricious manner, we do not review it". *Hanson v Romeo Village Council,* 339 Mich 612, 615; 64 NW2d 570, 571 (1954).

So much then for plaintiff's claim of unconstitutionality for want of review.

But what of plaintiff's contention that the denial of his license without right of review offends against the constitutional protection against impairing the obligations of a contract. The statute, MCLA 436.17; MSA 18.988, says that all licenses shall be construed as a contract between the licensee and the commission and shall be signed by both parties.

Forty years ago the Supreme Court took care of that argument by holding:

"Notwithstanding the fact that [the involved statute] provides that the liquor license granted by the commission shall be construed to be a contract between the commission and the licensee, such a license is not a contract within the protection of the contract clause of the Constitution." *Johnson v Liquor Control Commission,* 266 Mich 682, 686; 254 NW 557, 559 (1934).

The last constitutional argument plaintiff advances is that to take his license through no renewal without reason or without appeal is to deprive him of his property without due process of law. Not so says the Supreme Court in *Johnson, supra:*

"A license is not property within the meaning of the due process clause." 266 Mich at 687; 254 NW at 559.

We are bound by our state Supreme Court precedent unless there is a conflict in the holdings of that Court, or unless the United States Supreme Court has spoken to a Federal constitutional question.

We find no conflict in our state holdings. However, in the Federal field there seems to be an increasing concern over the guarantee of administrative due process in the area of licensing.[2] As of now we find no case involving liquor licensing. Thus we are forced to conclude that it is the law of this state at present that the most decorous licensed establishment with an untainted record of strict compliance with all relevant statutes, ordinances, and Liquor Control Commission regulations may, upon the whim of a local legislative body, be denied renewal of its license, however arbitrarily or capriciously this is done.

As to the "agreement" plaintiff signed with defendant city to refrain from presenting topless dancing and utilizing topless waitresses, we think it of no legal force. Legal or illegal conduct and activity in liquor licensed premises derive from statute and regulation, not from agreement between the licensee and the community. So that our position may not be misunderstood we emphasize we would hold the same way in this case whether defendant city had proscribed coonskin caps or striped dinner jackets instead of the particular attire involved.

We have no alternative but to affirm the order granting summary judgment.

No costs. Construction of a statute.

---

[2] For example see *Bell v Burson,* 402 US 535; 91 S Ct 1586; 29 L Ed 2d 90 (1971).