PEOPLE v BEASLEY

Docket No. 210668. Submitted April 8, 1999, at Lansing. Decided February
1, 2000, at 9:05 A.M. Leave to appeal sought.

Jermaine T. Beasley was bound over for trial in the Washtenaw Cir-
cuit Court with regard to two counts of open murder and two
counts of possession of a firearm during the commission of a fel-
ony. The defendant filed a motion to quash the information, con-
tending that the primary evidence against him, a statement made
by a codefendant to the codefendant's ex-girlfriend, who is the
mother of the codefendant's son, in which the codefendant admit-
ted his participation in the crimes and stated that the defendant
was also a participant, was nonadmissible hearsay evidence. The
court, Melinda Morris, J., agreed that the ex-girlfriend's testimony
would contain inadmissible hearsay evidence and its admission
would violate the defendant's right to confrontation. The court
entered an order of acquittal/dismissal/remand, finding that, with-
out the statement, the prosecution failed to show probable cause
that the defendant committed the crimes. The prosecution
appealed.

The Court of Appeals *held*:

1. The codefendant's statement to his ex-girlfriend satisfies the
criteria for the admission of substantive evidence outlined in *Peo-
ple v Poole*, 444 Mich 151 (1993). The trial court erred in finding the
statement inadmissible under MRE 804(b)(3).

2. Although the *Poole* Court relied on the comment of the Advi-
sory Committee for the Federal Rules of Evidence concerning FRE
804(b)(3) in reaching its conclusion that non-self-inculpatory state-
ments are admissible under MRE 804(b)(3), and although the case
of *Williamson v United States*, 512 US 594 (1994), clearly repudi-
ates the Michigan Supreme Court's interpretation of the Advisory
Committee's comment, the Michigan Supreme Court is not bound
by the federal application and the Michigan Court of Appeals is
bound by Michigan Supreme Court precedent, even if the prece-
dent has become obsolete. *Williamson* does not apply to this case.

3. The court erred in finding that the admission of the statement
as substantive evidence against the defendant would violate the
defendant's right to confrontation. *Poole's* finding that the admis-

sion into evidence of a nontestifying accomplice's statement does not violate the right to confrontation remains precedent binding on the Court of Appeals.

Reversed and remanded for reinstatement of the charges.

CAVANAGH, J., concurring, stated that were the Court of Appeals not bound to follow the *Poole* opinion, the Court should affirm the trial court's order by adopting the *Williamson* Court's interpretation of FRE 804(b)(3), which corresponds with MRE 804(b)(3).

1. EVIDENCE — HEARSAY — STATEMENTS AGAINST INTEREST — INCULPATION OF ACCOMPLICES — RIGHT TO CONFRONTATION.

A declarant's statement that inculpates an accomplice and is made in the context of a narrative of events at the declarant's initiative without prompting or inquiry, and as a whole is clearly against the declarant's penal interest and, as such, reliable, is admissible as substantive evidence at the accomplice's trial; the admission of such a statement as substantive evidence does not violate the Confrontation Clause where the prosecutor can establish that the declarant is unavailable as a witness and the statement bears adequate indicia of reliability or falls within a firmly rooted hearsay exception (US Const, Am VI; Const 1963, art 1, § 20; MRE 804[a][1], [b][3]).

2. EVIDENCE — HEARSAY — STATEMENTS AGAINST INTEREST — INCULPATION OF ACCOMPLICES.

A court determining whether a statement against penal interest that inculpates a person in addition to the declarant bears sufficient indicia of reliability to allow it to be admitted as substantive evidence against the other person must consider the circumstances surrounding the making of the statement as well as its context; factors favoring admission of the statement include whether it was voluntarily given, made contemporaneously with the events referenced, made to family, friends, colleagues, or confederates, i.e., to someone to whom the declarant would likely speak the truth, and uttered spontaneously at the initiation of the declarant and without prompting or inquiry by the listener; factors favoring nonadmission include whether the statement was made to law enforcement officers or at the prompting or inquiry of the listener, minimizes the role or responsibility of the declarant or shifts blame to the accomplice, was made to avenge the declarant or to curry favor, and whether the declarant had a motive to lie or distort the truth (US Const, Am VI; Const 1963, art 1, § 20; MRE 804[b][3]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prose-

cuting Attorney, and *Lenore M. Ferber*, Assistant
Prosecuting Attorney, for the people.

*Don Ferris*, for the defendant.

Before: WILDER, P.J., and CAVANAGH and ZAHRA, JJ.

WILDER, P.J. The prosecution appeals as of right
from the circuit court's final order of acquit-
tal/dismissal/remand of the charges against defendant.
We reverse and remand.

## I. FACTS

Defendant was charged with two counts of open
murder, MCL 750.316; MSA 28.548, and two counts of
possession of a firearm during the commission of a
felony, MCL 750.227b; MSA 28.424(2). At the prelimi-
nary examination, the district court rejected defend-
ant's challenge to the admissibility of a statement
made by codefendant Andre Freeman. It is undis-
puted that this statement, made by Freeman to Darnia
Townsend, his ex-girlfriend and the mother of his son,
is the primary evidence against defendant in the
charged offenses. Townsend testified during the pre-
liminary examination that Freeman called her and
told her that he and defendant had gone to the vic-
tims' house to purchase drugs and that, when they
arrived, they discovered more drugs than expected.
Townsend further testified that Freeman told her he
and defendant decided to take advantage of this
"opportunity," and Freeman shot the man and woman
in the house. Freeman allegedly further related that
after he shot the woman but before he believed she
had died, his gun jammed, and that defendant then
shot the woman "because she was still alive." Town-
send testified that Freeman told her he discussed the

killings with her because he needed to get it off his chest and she was the only one he could talk to.

At the completion of the preliminary examination, the district court bound defendant over for trial. Thereafter, defendant filed a motion to quash the information, contending that the codefendant's statement was inadmissible hearsay and that, without the statement, the prosecution could not establish probable cause that defendant committed the crimes charged. The circuit court found that the statement was hearsay not otherwise admissible against defendant under MRE 804(b)(3) and held that admission of the statement as substantive evidence would violate defendant's right to confrontation. The circuit court further found that, without the statement, the prosecution failed to show "probable cause to believe Beasley committed the charged crime . . . ." Accordingly, the circuit court entered an order of acquittal/dismissal/remand ordering that the information against defendant be quashed and defendant be released from custody immediately.

## II. ANALYSIS

On appeal, the prosecution first argues that the circuit court erred in determining that the statement was inadmissible as substantive evidence pursuant to MRE 804(b)(3). Specifically, the prosecution contends the circuit court erroneously applied *Williamson v United States*, 512 US 594; 114 S Ct 2431; 129 L Ed 2d 476 (1994), to the facts presented, rather than follow Michigan Supreme Court precedent established by *People v Poole*, 444 Mich 151; 506 NW2d 505 (1993). We agree.

Whether federal or Michigan law governs the admissibility of a hearsay statement involves mixed questions of fact and law. A trial court's factual findings are reviewed on appeal for clear error, while application of the law to the facts is reviewed de novo. *People v Barrera*, 451 Mich 261, 269; 547 NW2d 280 (1996).

The decision to bind a defendant over is reviewed for abuse of discretion. *People v Justice (After Remand)*, 454 Mich 334, 344; 562 NW2d 652 (1997); *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997). In reviewing a district court's decision to bind over a defendant for trial, a circuit court must consider the entire record of the preliminary examination, and it may not substitute its judgment for that of the magistrate. *Id.* Reversal is appropriate only if it appears on the record that the district court abused its discretion. *Id.* This Court reviews the circuit court's decision de novo to determine whether the district court abused its discretion. *Id.*

In *Poole, supra*, the defendants were bound over on charges of first-degree felony murder and assault with intent to rob while being armed. During the preliminary examination, prosecution witness Andre Berry, who was defendant Kevin Downer's cousin, testified Downer initiated a conversation with him during which Downer admitted killing someone in an attempted robbery in which the other defendants participated. *Poole, supra* at 155-156. The trial court ruled that Downer's statement to Berry inculpating himself as well as his accomplices Edward Poole and Zina Dhue was properly admitted as substantive evidence under MRE 804(b)(3) because " '[t]he circumstances in which Downer gave his [statement] attests

to its inherent trustworthiness and indicia of reliabil-
ity.' " *Poole, supra* at 156. The court reasoned that
Downer voluntarily and spontaneously confessed to
the killing because he confessed while still under the
stress from the event, he told a family member as
opposed to a law enforcement officer, he was not yet
under suspicion for the offense and therefore had no
motive to lie or mitigate his own liability, and he
made no effort to exonerate himself to the detriment
of his accomplices. *Id.* This Court reversed in part the
trial court's ruling, finding that Downer's statement
inculpating the other defendants was not admissible
as substantive evidence because it was not against
Downer's interest to inculpate the others. *People v
Poole*, unpublished opinion per curiam, issued July 28,
1992 (Docket No. 139161).

On appeal, the Michigan Supreme Court concluded
that the trial court correctly determined that
Downer's statement inculpating the other defendants
satisfied the requirements of MRE 804(b)(3) and the
Confrontation Clause, US Const, Am VI; Const 1963,
art 1, § 20, and the Supreme Court reversed the Court
of Appeals judgment and remanded for trial. *Poole,
supra* at 157. The Supreme Court first concluded that
the self-inculpatory portion of Downer's statement to
Berry was clearly against Downer's penal interests at
the time it was made, tended to subject to him to
criminal responsibility, and therefore clearly satisfied
the requirements of MRE 804(b)(3). *Id.* The Supreme
Court then held that while MRE 804(b)(3) did not
directly address the non-self-inculpatory portions of
Downer's statement "where, as here, the declarant's
inculpation of an accomplice is made in the context
of a narrative of events, at the declarant's initiative

without any prompting or inquiry, that as a whole is clearly against the declarant's penal interest and as such is reliable, the whole statement—including portions that inculpate another—is admissible as substantive evidence at trial pursuant to MRE 804(b)(3)." *Poole, supra* at 161.

In *Williamson, supra,* the defendant was charged with possessing cocaine with intent to distribute, conspiring to possess cocaine with intent to distribute, and traveling interstate to promote the distribution of cocaine. At trial, the prosecution's chief witness, the defendant's accomplice, Reginald Harris, refused to testify against the defendant. The district court ruled that the officer in charge of the investigation, who had interrogated Harris, could testify regarding statements Harris made during the interrogation that inculpated the defendant. The defendant was ultimately convicted and he appealed his conviction, claiming that the admission of Harris' statements violated FRE 804(b)(3) and the Confrontation Clause. The Eleventh Circuit Court of Appeals affirmed. *Williamson v United States,* 981 F2d 1262 (CA 11, 1992).

On appeal, the United States Supreme Court vacated the Eleventh Circuit Court of Appeals ruling and remanded, holding:

> In our view, the most faithful reading of [FRE] 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. [*Williamson, supra,* 512 US 600-601.]

The *Williamson* Court thus remanded for an evidentiary hearing regarding the admissibility of Harris' non-self-inculpatory statements. The Court noted that

out-of-court statements made by codefendants tradi-
tionally have been viewed with suspicion and are
deemed less credible than other hearsay evidence
because of the strong motivation of the codefendant
to implicate the other defendant and exonerate him-
self. *Id.* at 601. However, "confessions of arrested
accomplices may be admissible if they are truly self-
inculpatory, rather than merely attempts to shift
blame or curry favor." *Id.* at 603. Therefore, whether a
statement is truly self-inculpatory, and thus clearly
admissible, can be determined only by viewing it in
light of all the surrounding circumstances. *Id.* at 603-
604. The Court ultimately concluded that while some
of Harris' confession would be clearly admissible—
those statements that were truly self-inculpatory—
other statements that implicated the defendant did lit-
tle to subject Harris himself to criminal liability, and
were, therefore, not clearly admissible under FRE
804(b)(3). *Williamson, supra*, 512 US 604.

We find that Freeman's statement to Townsend sat-
isfies the *Poole* criteria for admission of substantive
evidence. First, Freeman was unavailable to testify in
this case.[1] MRE 804(a)(1). Second, Freeman's state-
ment to Townsend "as a whole" was against his penal
interests at the time it was made. While the statement
does inculpate defendant, it in no way operates to
exonerate Freeman. Rather, the statement tends to
subject Freeman to criminal responsibility to the
extent that a reasonable person in his position would

---

[1] Counsel for Freeman and Beasley each asserted during the prelimi-
nary examination and again before the circuit court that their respective
clients would claim their codefendant fired the fatal shot. Accordingly, the
circuit court ruled that the trials of the codefendants would be severed
pursuant to MCR 6.121(C). Thus, although no formal finding was made for
the record, Freeman is an unavailable witness in this case.

not have said what he reported unless it was true. Thus, the circuit court erred as a matter of law in finding Freeman's statement inadmissible under MRE 804(b)(3).

We reject defendant's argument that *Williamson* applies to this case with regard to the evidentiary question. In *Poole*, our Supreme Court stated its reliance on the comment of the Advisory Committee for the Federal Rules of Evidence concerning FRE 804(b)(3) in reaching the conclusion that non-self-inculpatory statements were admissible under MRE 804(b)(3). It is clear that *Williamson* clearly repudiates our Supreme Court's interpretation of the Advisory Committee's comment and that *Williamson* is relevant in interpreting MRE 804(b)(3). Nevertheless, the Michigan Supreme Court is not bound by the federal application. *People v Malone*, 445 Mich 369, 408; 518 NW2d 418 (1994) (CAVANAGH, C.J., dissenting); *People v Vander Vliet*, 444 Mich 52, 60, n 7; 508 NW2d 114 (1993), amended on other grounds 445 Mich 1205 (1994) ([b]ecause the Michigan Rules of Evidence *in general* parallel the text of the federal rules on which the state committee's product was based, we find helpful and, in *some* instances, persuasive, commentary and case law that refers to the Federal Rules of Evidence). (emphasis added). In addition, this Court is bound by Michigan Supreme Court precedent, even if such precedent has become obsolete. *Boyd v W G Wade Shows*, 443 Mich 515; 505 NW2d 544 (1993).[2]

---

[2] There is no obvious answer to the question whether the interpretation of MRE 804(b)(3) is obsolete in light of *Williamson*. In *Poole, supra* at 159, n 11, the Supreme Court implied that while MRE 804(b)(3) did not specifically address non-self-inculpatory statements, a "catch-all" exception to the rule against admission of hearsay evidence might apply. When *Poole* was decided, the Michigan Rules of Evidence did not contain a

The prosecution also argues that the circuit court erred in finding that the admission of Freeman's statement as substantive evidence against defendant would violate defendant's right to confrontation. We agree.

This issue presents a constitutional question that we review de novo. *People v McIntire*, 232 Mich App 71, 93; 591 NW2d 231 (1998). In *Poole*, the Michigan Supreme Court held that a statement against penal interest, admissible as substantive evidence under MRE 804(b)(3), does not violate the Confrontation Clause if the prosecutor establishes that the declarant is unavailable as a witness and that the statement bears adequate indicia of reliability or falls within a firmly rooted hearsay exception. *Poole, supra* at 163. The Court explained at length how to evaluate the reliability of a statement against penal interest:

> In evaluating whether a statement against penal interest that inculpates a person in addition to the declarant bears sufficient indicia of reliability to allow it to be admitted as substantive evidence against the other person, courts must evaluate the circumstances surrounding the making of the statement as well as its content.
>
> The presence of the following factors would favor admission of such a statement: whether the statement was (1) voluntarily given, (2) made contemporaneously with the events referenced, (3) made to family, friends, colleagues, or confederates—that is, to someone to whom the declarant would likely speak the truth, and (4) uttered spontaneously at the initiation of the declarant and without prompting or inquiry by the listener.
>
> On the other hand, the presence of the following factors would favor a finding of inadmissibility: whether the state-

---

"catch-all" exception. However, the 1996 adoption of MRE 803(24) and MRE 804(b)(6) incorporated such "catch-all" exceptions.

ment (1) was made to law enforcement officers or at the prompting or inquiry of the listener, (2) minimizes the role or responsibility of the declarant or shifts blame to the accomplice, (3) was made to avenge the declarant or to curry favor, and (4) whether the declarant had a motive to lie or distort the truth.

Courts should also consider any other circumstance bearing on the reliability of the statement at issue. While the foregoing factors are not exclusive, and the presence or absence of a particular factor is not decisive, the totality of the circumstances must indicate that the statement is sufficiently reliable to allow its admission as substantive evidence although the defendant is unable to cross-examine the declarant. [*Id.* at 165, citing *Idaho v Wright*, 497 US 805; 110 S Ct 3139; 111 L Ed 2d 638 (1990) (citation omitted).]

We conclude from our review of the evidence that on the basis of the totality of the circumstances, the admission of Freeman's statement as substantive evidence against defendant does not violate the Confrontation Clause. Freeman's statement was voluntarily given to Townsend, who was someone to whom Freeman would likely speak truthfully. Furthermore, Freeman sought out Townsend to initiate the making of the statement. In addition, as stated earlier, Freeman's statement was clearly against his penal interest, and does not shift blame but makes reference to defendant only in the context of Freeman's narration of the events of the incident. *Poole, supra* at 161. The district court judge, who sat as the trier of fact at the preliminary examination, reasonably found the circumstances of the making of the statement were sufficiently indicative of reliability to weigh in favor of admission.

We are not persuaded that *Lilly v Virginia*, 527 US 116; 119 S Ct 1887; 144 L Ed 2d 117 (1999), requires a different result. In *Lilly*, the United States Supreme

Court held that the admission into evidence of a non-testifying accomplice's confession violated the defendant's Confrontation Clause rights. A majority of the Court, however, did not decide that the Confrontation Clause imposes a "blanket ban on the government's use of accomplice statements that incriminate a defendant . . . ." *Id.*, 119 S Ct 1905; 144 L Ed 2d 141 (Rehnquist, C.J., and O'Connor and Kennedy, JJ., concurring). An elemental tenet of our jurisprudence, stare decisis, provides that a decision of the majority of justices of the Michigan Supreme Court is binding on lower courts. *People v Mitchell*, 428 Mich 364, 369; 408 NW2d 798 (1987). See *Negri v Slotkin*, 397 Mich 105, 107; 244 NW2d 98 (1976). We are bound, then, by our state Supreme Court precedent, unless the United States Supreme Court has addressed a federal constitutional question. *Bundo v Walled Lake*, 53 Mich App 317; 218 NW2d 869 (1974), rev'd on other grounds 395 Mich 679; 238 NW2d 154 (1976). A plurality opinion of the United States Supreme Court, however, is not binding precedent. *Texas v Brown*, 460 US 730, 737; 103 S Ct 1535; 75 L Ed 2d 502 (1983). Therefore, *Lilly* is not binding precedent in this case, and *Poole's* finding that the admission into evidence of a nontestifying accomplice's statement does not violate the Confrontation Clause remains binding precedent that we are obliged to follow.

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.

ZAHRA, J., concurred.

CAVANAGH, J. (*concurring*). Because we are bound by our Supreme Court's opinion in *People v Poole*, 444

Mich 151; 506 NW2d 505 (1993), I concur with the result reached by the majority. I write separately, however, to express serious reservations regarding our Supreme Court's conclusion that non-self-inculpatory statements are admissible under MRE 804(b)(3), and to urge the Court to reconsider this issue and adopt the United States Supreme Court's interpretation of the corresponding federal rule set forth in *Williamson v United States*, 512 US 594; 114 S Ct 2431; 129 L Ed 2d 476 (1994).

When a hearsay declarant is not present for cross-examination during trial, the Confrontation Clause, US Const, Am VI; Const 1963, art 1, § 20, normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate " 'indicia of reliability.' " *Ohio v Roberts*, 448 US 56, 66; 100 S Ct 2531; 65 L Ed 2d 597 (1980). This reliability requirement is fulfilled when the hearsay statement either " ' "falls within a firmly rooted hearsay exception" ' " or occurs under circumstances with " ' "particularized guarantees of trustworthiness." ' " *People v Welch*, 226 Mich App 461, 467; 574 NW2d 682 (1997) (citations omitted).

Generally, a hearsay statement is deemed to possess an indicia of reliability when made under specific circumstances that make it more probable than not that the substance of the statement is true. *People v Malone*, 445 Mich 369, 402, n 12; 518 NW2d 418 (1994) (CAVANAGH, C.J., dissenting). Thus, MRE 804(b)(3) provides that, if the declarant is unavailable as a witness, the following is not excluded by the hearsay rule:

> *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuni-

ary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

The underlying rationale of the exception is that a reasonable person will not incriminate himself by admitting a damaging fact unless he believes that fact to be true. *People v Barrera*, 451 Mich 261, 271-272; 547 NW2d 280 (1996).

MRE 804(b)(3) was modeled on FRE 804(b)(3). *Poole, supra* at 161. In *Williamson*, the Supreme Court addressed whether statements that were not self-inculpatory, but that were made in the course of a narrative of events that as a whole is against the declarant's penal interest, were admissible under FRE 804(b)(3). The Court first considered whether the word "statement" in the court rule could be applied to an extended narrative or whether it applied only to individual declarations within the narrative. In rejecting the former interpretation, the Court explained:

> Although the text of the Rule does not directly resolve the matter, the principle behind the Rule, so far as it is discernible from the text, points clearly to the narrower reading. Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true. This notion simply does not extend to the broader definition of "statement." The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.

> . . . And when part of the confession is actually self-exculpatory, the generalization on which Rule 804(b)(3) is founded becomes even less applicable. Self-exculpatory statements are exactly the ones which people are most likely to make even when they are false; and mere proximity to other, self-inculpatory, statements does not increase the plausibility of the self-exculpatory statements. [*Williamson, supra* at 599-600.]

A reasonable person will not be likely to make a self-inculpatory statement if it is not true. However, the fact that a non-self-inculpatory statement is made in proximity to a self-inculpatory statement does not provide any information regarding the reliability of the statement. Accordingly, such non-self-inculpatory statements should be treated no differently from other hearsay statements that are generally excluded.

In sum, were it not for our Supreme Court's decision in *Poole*, I would affirm the trial court's order.