612 N.W.2d 161 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jermaine Tyrone BEASLEY, Defendant-Appellant.
Docket No. 116367, COA No. 210668.
Supreme Court of Michigan.
June 30, 2000.
On order of the Court, the application for leave to appeal from the February 1, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, J., concurs and states as follows:
I join in the order denying defendant's application for leave to appeal. Justice Cavanagh would grant leave to consider the continued validity of People v. Poole, 444 Mich. 151, 506 N.W.2d 505 (1993), in light of the United States Supreme Court's subsequent decision in Williamson v. United States, 512 U.S. 594, 600-601, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). While the distinction between this Court's treatment of MRE 804(b)(3) in Poole and the United States Supreme Court's treatment of FRE 804(b)(3) in Williamson presents an interesting question in the abstract, it is not implicated in this case.
In Williamson, supra, the United States Supreme Court held that "non-self-inculpatory statements" made within broader self-inculpatory narratives could not properly be deemed "against interest" under FRE 804(b)(3). Assuming we follow the United States Supreme Court's lead, such a decision would not affect this case because the alleged hearsay statements here are not "non-self-inculpatory."
During defendant's preliminary examination, Darnia Townsend testified regarding the statements of defendant's alleged accomplice, Andre Freeman. Freeman was Townsend's ex-boyfriend and the father of her child. Freeman told Townsend that he and defendant had gone to the victims' house to buy drugs, that they discovered more drugs than were expected, and that they decided to take advantage of the opportunity. Freeman further admitted that he shot both victims (a man and a woman), that his gun jammed before the woman died, and that defendant then shot the woman "because she was still alive." Freeman was not under arrest when he made these statements. Townsend testified that Freeman told her about the killings because he needed to get things off his chest and that she was the only one to whom he could talk. Clearly, Freeman's statement that defendant shot and killed the female victim after defendant and Freeman had decided, together, to take advantage of the situation and steal the victim's drugs implicates Freeman as a principal or aider and abettor in a number of crimes, not the least of which is felony murder.
I also disagree that the Confrontation Clause issue in this case implicates Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). The result in Lilly was based principally on the government's direct involvement in the production of the incriminating statement at issue. See id. at 137 (Stevens, J.), 143, 119 S.Ct. 1887 (Scalia, J.). Here, Freeman spontaneously and voluntarily admitted the crime to the mother of his child to clear his conscience. The police were not involved. Freeman never minimized his responsibility or shifted the blame to defendant. Instead, he implied that he would have finished the job had his gun not "jammed." He also admitted that he fired the first shots after he and defendant arrived at the idea together. Finally, the circumstances do not reveal that Freeman had any motive to lie or distort the truth. In essence, Freeman's entire statement shows that he shared the blame with defendant. Accordingly, the Court of Appeals did not clearly err in *162 concluding that Freeman's statement bears sufficient indicia of reliability to satisfy the Confrontation Clause. 239 Mich.App. 548, 557-559, 609 N.W.2d 581 (2000).
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I would grant leave to consider the viability of People v. Poole, 444 Mich. 151, 506 N.W.2d 505 (1993), in light of the United States Supreme Court's decision in Williamson v. United States, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). In Williamson, the Court held that FRE 804(b)(3) does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession, and this is especially true when the statement implicates someone else. [Id., 600-601, 114 S.Ct. 2431.]
Poole relied on the advisory committee notes for FRE 804(b)(3) and held:
[W]here ... the declarant's inculpation of an accomplice is made in the context of a narrative of events, at the declarant's initiative without any prompting or inquiry, that as a whole is clearly against the declarant's penal interest and as such is reliable, the whole statement including portions that inculpate another is admissible as substantive evidence at trial pursuant to MRE 804(b)(3). [444 Mich. at 161, 506 N.W.2d 505.]
This holding is in direct contravention of Williamson, accordingly, I would grant leave to appeal.
Additionally, defendant's Confrontation Clause argument implicates the United States Supreme Court decision in Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). I would also grant leave to consider this significant issue.
MARILYN J. KELLY, J., joins in the statement of MICHAEL F. CAVANAGH, J.