# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRADLEY DEAN MCKELVEY,

Defendant-Appellant.

UNPUBLISHED
November 7, 2017

No. 334346
Barry Circuit Court
LC No. 15-000315-FH

Before: BOONSTRA, P.J., and METER and GADOLA, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant to 54 to 120 months' imprisonment with credit for 214 days served, ordered defendant to pay $18,889.03 in restitution, and refused to omit the victim impact statement from defendant's presentence investigation report (PSIR). Defendant now appeals by leave granted,[1] challenging not his conviction but his sentence. We vacate in part, and remand this case for further proceedings.

This case primarily involves a challenge to the amount of restitution that the trial court ordered defendant to pay jointly and severally with his codefendant, Kendall Leonard, after defendant pleaded guilty to possession of methamphetamine. In early 2014, Leonard rented a house from Harold and Connie Miller. Defendant moved into the house with Leonard in November 2014. Defendant was not on the lease and did not pay rent.

In December 2014, Detective Sergeant Eric Ingram of the Hastings Police Department received an anonymous tip regarding possible drug activity at Leonard's house. As a result of the tip, Detective Ingram did a "trash pull" from Leonard's house, during which he found illegal drug paraphernalia and items used to make methamphetamine. Leonard was on probation, and his conditions allowed law enforcement officers to search his residence at any time. A few days later, Detective Sergeant Ingram and probation agents searched Leonard's house. The search resulted in the finding of various methamphetamine-related paraphernalia throughout the house,

---

[1] *People v McKelvey*, unpublished order of the Court of Appeals, entered October 4, 2016 (Docket No. 334346).

including items and ingredients used to make methamphetamine. Defendant was not at Leonard's house when it was searched because he was incarcerated three or four days earlier on unrelated charges.

Leonard pleaded guilty to operating a laboratory involving methamphetamine, possession of methamphetamine, and maintaining a drug house. Defendant pleaded guilty to possession of methamphetamine in exchange for the dropping of various other charges.

At sentencing, defendant requested that the trial court remove the victim impact statement from the PSIR. The trial court responded, stating, "No. Thank you, though." The prosecution requested restitution in the amount of $18,889.03, which represented the amount the Millers had to spend to test the house for the presence of chemicals, lost income from the rental until it was habitable, the cost to purchase cleaning supplies, and reimbursement for their gas mileage for purchasing cleaning supplies. The Millers also had to replace the furnishings of the house, such as the couch.

The trial court held a restitution hearing, during which it opined:

> Furthermore, the second to last paragraph [of the PSIR] says 'The codefendant's phone was searched and there were several communications on the telephone regarding the use, production and distribution of controlled substances.'

> This Court finds by a preponderance of the evidence that the two were roommates and that it would be—the defendant obviously pled [sic] guilty to possession of methamphetamine, was living there, and it would be unreasonable to assume that he was not involved in that production or at least aware of it, reasonably should have known that this was going on and that he actually participated in that.

> The Court of Appeals may differ with me, but that is this Court's determination.

> * * *

> So therefore at this point the order entered on December 3rd, 2015, in the amount of $18,889.03 will remain.

Defendant argues that the trial court erred in ordering him to pay $18,889.03 in restitution.

"The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v McKinley*, 496 Mich 410, 414-415; 852 NW2d 770 (2014).

MCL 780.766(2) states, in relevant part:

> [W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . .

The Michigan Supreme Court in *McKinley* analyzed the issue that defendant now raises. The *McKinley* Court began its analysis by stating, "The statute does not define 'gives rise to,' but a lay dictionary defines the term as 'to produce or cause.' " *McKinley*, 496 Mich at 419 (citation omitted). The Court continued:

> [T]he statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is not criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction. [*Id*. at 419-420.]

"[T]he *McKinley* Court determined that a trial court could not award restitution for uncharged conduct . . . ." *People v Foster*, 319 Mich App 365, 380; ___ NW2d ___ (2017).

Defendant was convicted only of possession of methamphetamine. He was not convicted of operating a methamphetamine laboratory, nor was he convicted of any crimes involving the manufacture or distribution of methamphetamine. Only defendant's codefendant, Leonard, was convicted of those crimes. The testimony and evidence in this case demonstrated that the restitution amounts reflected the damages to the Millers for what they spent to test, clean, and repair the home, as well as lost rental income, that were caused largely by the manufacture of methamphetamine inside of the home. Because defendant was not convicted of operating a methamphetamine laboratory, manufacturing methamphetamine, or distributing methamphetamine, such conduct was necessarily not part of a course of conduct that gave rise to his conviction for possession of methamphetamine. *McKinley*, 469 Mich at 419-420.

This case is not distinguishable from *McKinley*, wherein the Supreme Court ruled that the trial court erred by ordering the defendant to pay restitution not only to the victims of the offenses of which he was convicted but also to "victims of uncharged thefts attributed to the defendant by his accomplice." *Id*. at 414. Both *McKinley* and the present case involved *evidence* of additional crimes (other than the "conviction" offense) committed by the defendant, but the Supreme Court plainly held that only the "conviction" offense could be used to assess restitution. *Id*. at 419-420. One could potentially argue that the maintenance of a drug house was part of the "course of conduct" giving rise to defendant's conviction, but one could also argue that in *McKinley*, the additional thefts were part of the "course of conduct" giving rise to the *McKinley* defendant's conviction. Quite simply, the Supreme Court has rejected this type of

argument. We are bound to follow *McKinley*. *People v Beasley*, 239 Mich App 548, 556; 609 NW2d 581 (2000). Accordingly, we hold that the trial court erred in ordering defendant to pay $18,889.03 in restitution when this order was explicitly based, in part, on his knowledge of, imputed knowledge of, or participation in the production of methamphetamine in the home. We remand this case to the trial court for a determination of how much in restitution can be attributable to defendant's "conviction" offense.[2]

Defendant next argues that the trial court abused its discretion by not adequately addressing his challenge to the inclusion of the victim impact statement in the PSIR.

We review a trial court's response to a defendant's challenge to the accuracy or relevancy of information in a PSIR for an abuse of discretion. *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted).

A victim impact statement is included in a PSIR as a matter of statutory right of the victim. MCL 780.764. "[H]owever, the right is not limited exclusively to the defendant's direct victims. Instead, a sentencing court is afforded broad discretion in the sources and types of information to be considered when imposing a sentence . . . ." *People v Waclawski*, 286 Mich App 634, 691; 780 NW2d 321 (2009) (quotation marks and citation omitted). Upon assertion of a challenge to the factual accuracy or relevancy of information in a PSIR, a trial court has a duty to resolve the challenge. *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). When the accuracy or relevancy of information in a PSIR is challenged, the trial court must allow the parties to be heard and must make a finding regarding the challenge or determine that the finding is unnecessary because the court will not consider the information during sentencing. MCR 6.425(E)(2); *Waclawski*, 286 Mich App at 689-690.

In this case, defendant did not challenge the accuracy of any information contained in the PSIR. Specifically, he did not challenge the accuracy of any information contained in the victim impact statement that was contained within the PSIR. Rather, defendant challenged the relevance of the victim impact statement (and therefore its very inclusion in the PSIR), given that he (as opposed to Leonard) pleaded guilty and thus was convicted only of the offense of possession of methamphetamine, which defendant contends does not typically have a victim.

We are not convinced on the record before us that possession of methamphetamine is necessarily a victimless crime, and defendant offers no authority in support of his position. Our review of the victim impact statement in this case reveals that the Millers certainly considered themselves to be victims of the conduct of both Leonard and defendant. The trial court gave defendant the opportunity to be heard regarding his challenge and subsequently rejected the

_____

[2] At one point during the restitution hearing, the trial court seemed to indicate that mere possession might have had an effect on the home in the present case, but, as noted above, the trial court also explicitly based its ruling on a finding that "it would be unreasonable to assume that [defendant] was not involved in that production or at least aware of it . . . ." We remand this case so that the trial court can follow the law as set forth in *McKinley*.

challenge, albeit with a simple "No. Thank you, though." Defendant cites no authority that the rejection had to be worded in a particular manner, and we note that the trial court had broad discretion with regard to the inclusion of victim impact statements. See, generally, *id*. at 691-692.

Nonetheless, we are constrained to note that the trial court, in rejecting defendant's challenge to the inclusion of the victim impact statement in the PSIR, not only did so with little explication, but did so in the context of having determined that defendant and Leonard were jointly responsible for paying restitution to the Millers. As noted, we are vacating the latter determination and remanding for a determination of how much in restitution can be attributable to defendant's "conviction" offense. Under these circumstances, we believe it most prudent to similarly remand for further consideration by the trial court (albeit without our having made any finding of error) the issue of the relevance of the victim impact statement for inclusion in the PSIR. Doing so will allow the trial court to consider the issue anew in the context of its new restitution findings, to assess the existence or absence of any potential inconsistencies between its findings with respect to the two issues, and to enhance its rationale in that regard so as to facilitate meaningful, potential future appellate review.

Vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Michael F. Gadola