*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 13, 2023

Plaintiff-Appellee,

v

No. 352825
Genesee Circuit Court
LC No. 19-045160-FH

GEORGE EARNEST HUFFMAN III,

Defendant-Appellant.

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of child sexually abusive activity, MCL 750.145c(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a prison term of 30 to 240 months in prison. We Affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant's conviction stems from a "sting" operation that was conducted by the Genesee Human Suppression Strike Team (G.H.O.S.T.). Detective Lieutenant Kariann Nelson of the Office of the Genesee County Sheriff testified regarding G.H.O.S.T.'s formation and operation. G.H.O.S.T. was created by the Genesee County Sheriff's Office to combat human trafficking, specifically of minors. To achieve this goal, a member of G.H.O.S.T., known as "the chatter," creates a fictitious online profile of a minor, using photographs of persons who are actually police officers within the sheriff's office. The chatter posts the profile to various sites that are commonly used to solicit sexual activity, and then waits for individuals to reach out. Once an individual reaches out, the chatter tells the individual that the person in the profile is underage. If the individual continues to engage with the profiled minor after learning this, the chatter will communicate back and forth to determine whether the individual is trying to engage in sexual activity with the profiled minor. If the individual attempts to arrange to meet the minor for sexual activity, a member of G.H.O.S.T. will set up a "sting" operation at a local motel to arrest the individual.

In this case, defendant responded to a fictitious profile known as "Eva" that was posted on a social media website known as "Skout." When defendant began the conversation with Eva, the

chatter told defendant that Eva was a 14-year-old gymnast. Defendant did not stop communicating with Eva after learning she was underage; instead, he continued his conversation with Eva for three days. During these exchanges, the conversation became sexually explicit. Defendant made repeated lewd comments to Eva regarding sexual acts he would like to perform on her, and he sent her sexually explicit photographs and videos. The chatter testified that he tried to reinforce that Eva was only 14 years old by using the word "bestie" and by mentioning school, going to the mall to buy thongs, going to the movie theater to see *Dumbo*, the fact that someone else bought Eva alcohol, and the fact that Eva told defendant that she and her friend had obtained a room at a motel by cleaning for her friend's mother. Defendant continued to communicate with Eva and eventually agreed to meet her at a motel to engage in sexual intercourse.

When defendant arrived at the designated motel on April 12, 2019, the chatter, through Eva's profile, told defendant that Eva was in Room 152, that she was naked, and that he should knock twice and come in. Defendant was arrested after he knocked on the door to Room 152, and the arresting team found cash, a condom, a pocket knife, and a case of alcoholic beverages in his possession.

Defendant was convicted and sentenced as described. This appeal followed.

## II. STANDARD OF REVIEW

Because defendant did not argue before the trial court that MCL 750.145c(2) is limited to the production of child sexually abusive material or that *People v Willis*, 322 Mich App 579; 914 NW2d 384 (2018), was wrongly decided, his claims are unpreserved for appeal. We review unpreserved claims of error in a criminal case for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[W]hether alleged conduct falls within the statutory scope of a criminal law involves a question of law, which this Court reviews de novo." *People v Noble*, 238 Mich App 647, 658; 608 NW2d 123 (1999), lv den 463 Mich 886 (2000).

## III. ANALYSIS

Defendant argues that MCL 750.145c(2) does not apply to him because he did not act for the purpose of producing child sexually abusive material. We disagree. Defendant acknowledges that this Court rejected this specific argument in *People v Willis*, 322 Mich App 579; 914 NW2d 384 (2018), but argues that *Willis* was wrongly decided and that we should declare a conflict with *Willis* for resolution by a special panel under MCR 7.215(J). However, in its order denying leave to appeal in *People v Willis*, 504 Mich 905 (2019), our Supreme Court explicitly—and at length— also rejected defendant's argument. We are bound by Michigan Supreme Court precedent. *People v Beasley*, 239 Mich App 548, 556; 609 NW2d 581 (2000). Therefore, we decline defendant's invitation to declare a conflict.

MCL 750.145c(2) provides, in part:

> A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, *or a person who arranges for, produces, makes, copies, reproduces, or finances, or a person who attempts or*

-2-

*prepares or conspires to arrange for, produce, make, copy, reproduce, or finance any child sexually abusive activity* or child sexually abusive material for personal, distributional, or other purposes if that person knows, has reason to know, or should reasonably be expected to know that the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child is guilty of a crime . . . . [Emphasis added.]

" 'Child' means a person who is less than 18 years of age, subject to the affirmative defense created in [MCL 750.145c(7)] regarding persons emancipated by operation of law." MCL 750.145c(1)(c). " 'Child sexually abusive activity' means a child engaging in a listed sexual act." MCL 750.145c(1)(n). " 'Listed sexual act' means sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, or erotic nudity." MCL 750.145c(1)(i). " 'Child sexually abusive material' means any depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording." MCL 750.145c(1)(o).

In *Willis,* 322 Mich App at 583, the 52-year-old defendant was convicted of child sexually abusive activity after he invited the 16-year-old victim into his apartment and offered him money to engage in sexual activity with him. On appeal, this Court rejected the defendant's argument that the evidence was insufficient to sustain his conviction of child sexually abusive activity because MCL 750.145c(2) was "limited to criminalizing conduct involving the production of child sexually abusive material."[1] *Id*. at 583-584. This Court, citing *People v Adkins*, 272 Mich App 37, 40-41; 724 NW2d 710 (2006), noted that MCL 750.145c(2) applies to three distinct groups of persons:

The first category includes a person "who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material . . . ." MCL 750.145c(2); *Adkins*, 272 Mich App at 40. This category refers to those who are engaged in the production of pornography. . . . The second category includes a person who "arranges for, produces, makes, copies, reproduces, or finances . . . any child sexually abusive activity or child sexually abusive material . . . ."

---

[1] MCL 750.145c(2) was amended after *Willis* was decided, but the relevant statutory language remains the same. See 2018 PA 373, effective March 17, 2019 (adding subsections (2)(a) and (2)(b) to specify increased penalties for certain categories of offenders).

MCL 750.145c(2); *Adkins*, 272 Mich App at 41. The last category is defined to include person "who attempts or prepares or conspires to arrange for, produce, make, copy, reproduce, or finance any child sexually abusive activity or child sexually abusive material . . . ." MCL 750.145c(2); *Adkins*, 272 Mich App at 41. [*Willis*, 322 Mich App at 585 (first, third, fourth, and fifth ellipses in *Willis*).]

This Court noted that "[t]he use of the disjunctive 'or' in the second and third categories clearly and unambiguously indicates that persons who arrange for or attempt or prepare to arrange for child sexually abusive activity face criminal liability." *Id.* at 586. " 'The Legislature thus omitted from the second and third groups subject to criminal liability any requirement that the individuals therein must have acted for the ultimate purpose of creating any child sexually abusive material, a specific requirement applicable to the first group of criminals.' " *Id.*, quoting *Adkins*, 272 Mich App at 42. Accordingly, the *Willis* Court "reject[ed] defendant's argument that MCL 750.145c is limited to conduct involving the production of sexually abusive material." *Willis*, 322 Mich App at 586.

The defendant filed an application for leave to appeal, and our Supreme Court scheduled oral argument on the application. *People v Willis*, 503 Mich 920 (2018). The Court directed the parties to address "(1) whether, to sustain a conviction under MCL 750.145c(2), the prosecution must prove that the defendant acted for the purpose of producing or making child sexually abusive material; and (2) whether the evidence in this case was sufficient to support the defendant's conviction for child sexually abusive activity, MCL 750.145c(2)." *Id.* Following oral argument on the application, the Court denied leave to appeal. *Willis*, 504 Mich at 905. In its order denying leave to appeal, the Supreme Court stated that the Court of Appeals had "properly sustained defendant's conviction under MCL 750.145c(2)." The Court then explained why this Court's decision in *Willis*, 322 Mich App 579, was correct:

> As the Court of Appeals has previously recognized, MCL 750.145c(2) "imposes criminal liability [upon] three distinct groups of 'person[s] . . . .' " *People v Adkins*, 272 Mich App 37, 40 (2006). The first clause imposes liability upon a person "who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material . . . ." MCL 750.145c(2). The second clause imposes liability upon any person who "arranges for, produces, makes, copies, reproduces, or finances . . . any child sexually abusive activity or child sexually abusive material . . . ." *Id.* The third clause imposes liability on a person "who attempts or prepares or conspires to arrange for, produce, make, copy, reproduce, or finance any child sexually abusive activity or child sexually abusive material . . . ." *Id.*
>
> Only as it pertains to the first "group" must a person act "for the purpose of producing any child sexually abusive material" in order to violate MCL 750.145c(2). In contrast, as it pertains to the second and third groups, the person must act in an effort to facilitate "child sexually abusive activity *or* child sexually abusive material . . . ." *Id.* (emphasis added). The Legislature's use of the disjunctive "or" in the statute is determinative. *Mich Pub Serv Co v Cheboygan*, 324 Mich 309, 341 (1949) (" 'Or' is . . . used to indicate a disunion, a separation,

-4-

an alternative."). "[O]r" thus indicates the Legislature's intention to criminalize not only efforts to produce child sexually abusive material, but also efforts to engage in child sexually abusive activity. See *id*. Had the Legislature intended to only proscribe activity that is undertaken with the purpose of creating child sexually abusive material, it would have said as much, as it did in setting forth the first group of violators under MCL 750.145c(2).

Accordingly, the Court of Appeals correctly upheld defendant's conviction under MCL 750.145c(2). *Willis*, 322 Mich App at 582. Defendant, a 52-year-old man at the time of the conduct relevant to this case, offered a 16-year-old boy, i.e., a "child" under MCL 750.145c, money in exchange for sexual activities. Thus, defendant "attempt[ed] . . . to arrange for . . . or finance . . . child sexually abusive activity . . . for personal . . . purposes . . . ." MCL 750.145c(2). [*Willis*, 504 Mich at 905-906 (alterations and ellipses in *Willis*).]

The Court concluded:

Accordingly, it is somewhat difficult to harmonize the expansiveness of MCL 750.145c(2) with the rest of Michigan's criminal sexual conduct scheme. As illustrated above, MCL 750.145c(2) appears to criminalize behavior that is otherwise permissible under the criminal sexual conduct statutes. This Court, however, is bound by statutory language—"[t]he Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute must be enforced as written." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748 (2002). And *MCL 750.145c(2) does not require that a person act with the purpose of producing child sexually abusive material in order to fall within the second or third groups subject to criminal liability*. Accordingly, defendant's conviction must be upheld, and a denial of defendant's application for leave to appeal is warranted. Nonetheless, defendant has highlighted concerns regarding the breadth of MCL 750.145c(2). The Legislature may, or may not, wish to assess these concerns and possibly clarify and harmonize our child sexual abuse statutory scheme. [*Willis*, 504 Mich at 907 (brackets in *Willis*; emphasis added).]

Our Supreme Court's order in *Willis* explicitly holds that MCL 750.145c(2) does not require that a defendant act for the purpose of producing child sexually abusive material. "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006). See also *People v Crall*, 444 Mich 463, 464-465 n 8; 510 NW2d 182 (1993) (a Supreme Court order is binding if it constitutes a final disposition of an application and contains "a concise statement of

the applicable facts and the reason for the decision"). Accordingly, we reject defendant's invitation to declare a conflict with *Willis* and to hold that MCL 750.145c(2) does not apply to defendant because he did not act for the purpose of producing child sexually abusive material.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick