PEOPLE v CARTER

Docket No. 46421. Submitted April 9, 1981, at Detroit.—Decided June
    3, 1981.

    James E. Carter was convicted of uttering and publishing a
    forged instrument, Wayne Circuit Court, William Leo Cahalan,
    J. Defendant had purchased a pistol by presenting a forged
    license. Defendant appeals. *Held:*

        1. The forgery statute applies to public records, including
    licenses to purchase pistols. The use of a forged license to
    purchase a pistol defrauds the state by impairing the control of
    the sale of pistols and is punishable under the uttering and
    publishing statute.

        2. Defendant was properly charged with uttering and publish-
    ing rather than with purchasing a pistol without having ob-
    tained a license. The two crimes are distinct and not an
    attempt by the Legislature to carve out an exception to the
    general statute and punish the exception less harshly.

        Affirmed.

1. FORGERY — PUBLIC RECORDS — LICENSES — STATUTES.

    The forgery statute applies to public records, including licenses to
    purchase pistols (MCL 750.248; MSA 28.445).

2. FORGERY — UTTERING AND PUBLISHING — FRAUD — LICENSES —
    STATUTES.

    The use of a forged license to purchase a pistol defrauds the state

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forgery § 28.
    Validity and construction of gun control laws. 28 ALR3d 845.
    What constitutes a public record or document within statute mak-
        ing forgery thereof an offense. 69 ALR2d 1095.
    Validity, construction and application of 18 USCS § 922(2)(6), mak-
        ing it unlawful to knowingly make any false or fictitious oral or
        written statement in connection with the acquisition or at-
        tempted acquisition of any firearm or ammunition. 49 ALR Fed
        338.
[2, 4] 36 Am Jur 2d, Forgery § 30 *et seq.*
    79 Am Jur 2d, Weapons and Firearms § 31.
[3] 73 Am Jur 2d, Statutes § 257.

by impairing the control of the sale of pistols and is punishable under the uttering and publishing statute (MCL 750.249; MSA 28.446).

3. Criminal Law — Statutes — Judicial Construction.

A specific statute enacted subsequently to a more general statute covering the subject matter constitutes an exception to the general statute if a conflict appears between the two; where the Legislature carves out an exception and provides a lesser penalty for a more specific offense, a prosecutor must charge a defendant under the statute fitting the particular facts; this rule does not apply where the two statutory crimes are distinct.

4. Criminal Law — Uttering and Publishing — Licenses — Statutes.

A defendant who has presented a false, forged, altered or counterfeit license for the purchase of a pistol is properly charged under the uttering and publishing statute rather than the statute prohibiting the purchase of a pistol without having obtained a license (MCL 750.232a, 750.249; MSA 28.429[1], 28.446).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Joseph W. Koch,* Assistant Prosecuting Attorney, for the people.

*Lippitt, Harrison, Perlove, Friedman & Zack* (by *Robert S. Harrison* and *Bernard Feldman),* for defendant.

Before: Danhof, C.J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

J. H. Gillis, J. Defendant was convicted by a jury of uttering and publishing a forged instrument. MCL 750.249; MSA 28.446. He was sentenced to a one-year term of probation and directed to pay court costs of $2,500. Defendant appeals as of right.

On April 30, 1976, defendant purchased a .44-

caliber handgun by presenting a forged license to purchase a pistol.[1] Defendant concedes that he presented the license and purchased the handgun. He further admits that he was aware of the normal procedures for obtaining a license but, instead, paid a third party to acquire the license for him without the normal "red tape". Defendant, nonetheless, contends that he believed the license to be entirely legitimate.

On appeal, defendant first argues that the statute prohibiting uttering and publishing does not apply to licenses to purchase pistols. MCL 750.249; MSA 28.446 provides:

"Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

The preceding section referred to proscribes the forgery of, among other things, any public record, MCL 750.248; MSA 28.445.

Defendant argues that the license was not subject to the uttering and publishing and forgery statutes since it was not an instrument capable of affecting the rights of others or creating liability in others. *People v Hester,* 24 Mich App 475; 180 NW2d 360 (1970). Defendant's reasoning begs the question. The prosecution was not based on the theory that the license was a forged instrument, that is, some species of commercial paper. Rather, the license was considered to be a forged public record. Quite plainly, it was such a public record.

[1] MCL 28.422; MSA 28.92 prohibits purchasing a pistol without first obtaining a license. The statute details the procedures for acquiring such a license.

A license to purchase a pistol is required by law to be kept by public officials as a record of the sale of the weapon. MCL 28.422(2); MSA 28.92(2) states unequivocally:

"The seller may retain a copy of the license as a record of the sale of the pistol. The licensee shall return 2 copies of the license to the licensing authority within 10 days following the purchase of the pistol. One copy of such license shall be retained by the licensing authority as a permanent official record for a period of 6 years and the other copy shall be forwarded by the licensing authority within 48 hours to the director [of the Department of State Police]."

Further, MCL 28.426(3); MSA 28.93(3), provides:

"One copy of the license shall be delivered to the applicant, the duplicate shall be retained by the county clerk as a permanent official record for a period of 6 years, and the triplicate of the license shall be forwarded within 48 hours to the director who shall file and index licenses so received and keep them as a permanent official record for a period of 6 years."

Defendant's conduct is of the type the uttering and publishing statute is designed to prevent. We agree that defendant's use of the forged license did not affect the rights and liabilities of others. However, his action was such to defraud the state itself. The state controls the sale of pistols by subjecting purchasers and sellers to the licensing requirement. The use of a forged license impairs this legitimate governmental function, even though the state suffers no pecuniary loss. *Cf., United States ex rel Abbenante v Butterfield,* 112 F Supp 324 (ED Mich, 1953) (false prescription for narcotics held to violate federal statute prohibiting

the forgery of writings to defraud the United States).

Defendant also argues that the prosecutor abused his discretion by charging defendant under the uttering and publishing statute because the same conduct violated a more specific misdemeanor statute. Defendant contends that he should have been prosecuted under MCL 750.232a; MSA 28.429(1), which provides:

"Any person who shall purchase a pistol without having obtained a license to purchase as provided in section 2 of Act No. 372 of the Public Acts of 1927, as amended, shall be guilty of a misdemeanor.

"Any person who shall intentionally make a false statement in any application for a license to purchase a pistol, under section 2 of Act No. 372 of the Public Acts of 1927, as amended, shall be guilty of a misdemeanor."

While prosecuting attorneys have broad discretion in determining under which of two possible applicable statutes a prosecution will be brought, that discretion is not unlimited. *People v LaRose*, 87 Mich App 298, 302; 274 NW2d 45 (1978). As a matter of statutory construction, a statute specific in language and enacted subsequent to a more general statute covering the subject matter constitutes an exception to the general statute if a conflict appears between the two. As a result, where the Legislature carves out such an exception and provides a lesser penalty for the more specific offense, a prosecutor must charge a defendant under the statute fitting the particular facts. *Id.*, 303-304. Nonetheless, the rule does not apply where the two statutory crimes are distinct. *Id.*

The instant case involves two distinct offenses. Clearly, the first paragraph of MCL 750.232a; MSA 28.429(1) was violated, as defendant purchased a

pistol without first having obtained a license to do so. Yet the statute defendant was prosecuted under required additional conduct on his part. Specifically, the prosecution was required to prove that defendant bought the handgun by presenting a "false, forged, altered or counterfeit" license to purchase. Thus, although both statutes were applicable to defendant's conduct, it can hardly be contended that the prohibition of MCL 750.232a; MSA 28.429(1) is a more specific form of the uttering and publishing statute. Defendant's claim of prosecutorial abuse is without merit.

Affirmed.