## PEOPLE v KUCHAR

Docket No. 190073. Submitted June 4, 1997, at Lansing. Decided August
    15, 1997, at 9:20 A.M. Leave to appeal sought.

Kenneth F. Kuchar was convicted by a jury in the Ingham Circuit
    Court, Michael G. Harrison, J., of kidnapping a child under the age
    of fourteen. He was sentenced, as a fourth-offense habitual
    offender, to twenty to thirty years' imprisonment. The defendant
    appealed.

The Court of Appeals *held*:

1. There is no asportation element with regard to the offense of
    kidnapping a child under the age of fourteen, MCL 750.350; MSA
    28.582. The trial court properly denied the defendant's request to
    instruct the jury that asportation was an element of that offense.

2. The defendant was not denied his right to a properly
    instructed jury as a result of the court's failure to instruct the jury
    sua sponte regarding the offense of assault and battery. Because no
    inherent relationship exists between the offenses of kidnapping a
    child under the age of fourteen and assault and battery, an instruc-
    tion regarding assault and battery would not have been warranted
    if the defendant had requested one. Defense counsel was not inef-
    fective in failing to request an assault and battery instruction.

3. The jury instructions, as a whole, adequately conveyed to the
    jury the concept of reasonable doubt. No manifest injustice will
    result if the Court of Appeals does not provide review or relief to
    the defendant with regard to the jury instructions to which the
    defendant did not object at trial.

Affirmed.

1. KIDNAPPING — CHILD UNDER FOURTEEN — ELEMENTS — ASPORTATION.

The offense of kidnapping a child under the age of fourteen does not
    require a showing of asportation as one of its elements (MCL
    750.350; MSA 28.582).

2. CRIMINAL LAW — JURY INSTRUCTIONS — KIDNAPPING — CHILD UNDER FOUR-
    TEEN — ASSAULT AND BATTERY.

There is no inherent relationship between the offenses of kidnapping
    a child under the age of fourteen and assault and battery that
    would justify the giving of an instruction regarding assault and bat-

tery in a trial where the defendant is charged with kidnapping a child under the age of fourteen (MCL 750.81, 750.350; MSA 28.276, 28.582).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Stuart J. Dunnings, III,* Prosecuting Attorney, and *Samuel R. Smith,* Chief of Appellate Division, for the people.

State Appellate Defender (by *F. Martin Tieber*), for the defendant on appeal.

Before: CORRIGAN, C.J., and MICHAEL J. KELLY and HOEKSTRA, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of kidnapping a child under the age of fourteen, MCL 750.350; MSA 28.582. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12; MSA 28.1084, to twenty to thirty years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant first argues that the crime with which he was charged and convicted, child kidnapping, contains an element of "asportation." Because no evidence of this element was presented to the jury and the jury was not properly instructed regarding asportation, defendant contends that his conviction must be reversed. We disagree.

In determining whether the child-kidnapping statute requires an element of asportation, we believe it instructive to examine how the element of asportation has been read into the general kidnapping statute, MCL 750.349; MSA 28.581.[1] With respect to the

---

[1] The general kidnapping statute, MCL 750.349; MSA 28.581, provides, in pertinent part:

general kidnapping statute, our Supreme Court has concluded that the statute sets forth six forms of conduct that can constitute the crime of kidnapping. *People v Jaffray*, 445 Mich 287, 296-297; 519 NW2d 108 (1994); *People v Wesley*, 421 Mich 375, 383-384; 365 NW2d 692 (1984).

Of those six forms, three require a showing of specific intent, and three do not. *Jaffray, supra* at 298. Asportation of the victim has been held to be a judicially required element of the crime of kidnapping only with respect to the three forms of kidnapping that do not require a showing of specific intent. *Id.* The purpose of reading an asportation element into the statute with regard to these three forms of kidnapping, even though the statute does not mention asportation, is to deter prosecutors from overcharging lesser crimes as kidnapping, because several lesser crimes arguably involve some type of "intentional confinement" of the victim. *Id.*

However, a showing of asportation is not required where the accused is charged with one of the forms of kidnapping that requires a showing of a specific intent. *Id.* at 299. The specific intent requirement obviates the need to read an asportation element into the statute. *Id.*

---

Any person who wilfully, maliciously and without lawful authority shall forcibly or secretly confine or imprison any other person within this state against his will, or shall forcibly carry or send such person out of this state, or shall forcibly seize or confine, or shall inveigle or kidnap any other person with intent to extort money or other valuable thing thereby or with intent either to cause such person to be secretly confined or imprisoned in this state against his will, or in any way held to service against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

Applying the above analysis provided by our Supreme Court concerning asportation under the general kidnapping statute to the case at bar, we hold that no asportation element needs to be read into this statute because the statute contains a specific intent requirement. MCL 750.350(1); MSA 28.582(1) provides, in pertinent part:

> A person shall not maliciously, forcibly, or fraudulently lead, take, carry away, decoy, or entice away, any child under the age of 14 years, *with the intent to detain or conceal the child* from the child's parent or legal guardian, or from the person or persons who have adopted the child . . . . [Emphasis added.]

Here, the placement of the phrase describing the intent required for the commission of this crime clearly makes it applicable to all the forms of conduct that precede it. Given the existence of a specific intent requirement, we find no reason to read an asportation element into this statute. Therefore, contrary to defendant's arguments on appeal, his conviction was supported by sufficient evidence and the trial court did not err in refusing to instruct the jury that asportation was an element of this offense.

Defendant next argues that the trial court denied defendant his right to a properly instructed jury by failing to instruct the jury sua sponte regarding the lesser offense of assault and battery, MCL 750.81; MSA 28.276. Because defendant did not request an instruction regarding assault and battery, the trial court did not err in failing to give such an instruction, see *People v Beach*, 429 Mich 450, 482-483; 418 NW2d 861 (1988), and defendant was not denied his right to a properly instructed jury. Furthermore, even if defendant would have requested an instruction

regarding assault and battery, we do not believe that such an instruction would have been warranted given the lack of an "inherent relationship" between the two crimes at issue. See *People v Rollins*, 207 Mich App 465, 468-469; 525 NW2d 484 (1994). In *Rollins*, this Court declined to find an inherent relationship between kidnapping under MCL 750.349; MSA 28.581 and assault and battery because kidnapping is not necessarily an assaultive crime. We believe that conclusion to be equally applicable to child kidnapping under MCL 750.350; MSA 28.582, and conclude that no inherent relationship exists between these two crimes that would have justified the giving of an instruction regarding assault and battery.

In a related argument, defendant argues that his counsel was ineffective in failing to request an instruction regarding this lesser offense. Given our conclusion that such an instruction would not have been proper, defendant's counsel was not ineffective in failing to request such an instruction.

Finally, defendant argues that the trial court's erroneous instructions regarding the issue of reasonable doubt deprived defendant of a properly instructed jury and a fair trial. Because defendant did not object to these instructions below, review is foreclosed absent manifest injustice. *People v Ullah*, 216 Mich App 669, 676; 550 NW2d 568 (1996). Here, we conclude that manifest injustice will not result from our failure to provide review or relief to defendant because the instructions as a whole adequately conveyed to the jury the concept of reasonable doubt. See *People v Hubbard (After Remand)*, 217 Mich App 459, 488; 552 NW2d 493 (1996).

Affirmed.