PEOPLE v WELCH

Docket No. 196763. Submitted August 5, 1997, at Detroit. Decided November 21, 1997, at 9:00 A.M. Leave to appeal sought.

Martell Welch was convicted by a jury in the Recorder's Court for the City of Detroit, Jeffrey G. Collins, J., of second-degree murder and was sentenced to sixteen to forty years' imprisonment. The conviction arose out of the drowning death of a woman who jumped from a bridge into a river after she had been attacked and repeatedly beaten by the defendant. The defendant appealed.

The Court of Appeals *held*:

1. The conviction was supported by sufficient evidence. The trial court properly denied the defendant's motion for a directed verdict.

2. The jury instructions adequately conveyed to the jury the concept of malice.

3. Any alleged error resulting from the prosecutor's closing and rebuttal arguments does not require reversal because it could have been eliminated if the defendant had requested a curative instruction.

4. The trial court did not abuse its discretion in excluding evidence concerning a police officer's report that contained a statement by an alleged witness that the victim, after being assaulted by the defendant, stated that she was going to kill herself. The evidence did not meet the trustworthiness requirement of the hearsay exception in MRE 803(24).

5. The defendant received effective assistance of counsel.

Affirmed.

EVIDENCE — HEARSAY — TRUSTWORTHINESS.

The trustworthiness requirement for the admission of hearsay evidence contained in MRE 803(24) requires an examination of the totality of the circumstances surrounding the making of a hearsay statement sought to be introduced into evidence and those rendering the declarant particularly worthy of belief; the requirement serves as a surrogate for the declarant's in-court cross-examination and is satisfied if the court can conclude that cross-examination would be of marginal utility; the court must determine whether the totality of the circumstances surrounding the making of the state-

ment establish its reliability sufficiently enough to justify forgoing the rigors of in-court testimony that ordinarily guarantee trustworthiness.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, and *Tiomothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*Carl Ziemba*, for the defendant on appeal.

Before: SMOLENSKI, P.J., and FITZGERALD and GAGE, JJ.

SMOLENSKI, P.J. Defendant was convicted by a jury of second-degree murder, MCL 750.317; MSA 28.549, and sentenced to sixteen to forty years' imprisonment. Defendant appeals as of right. We affirm.

Defendant's conviction arises out of the drowning death of Deletha Word, who jumped off the MacArthur Bridge at Belle Isle after she had been attacked and repeatedly beaten by defendant.

Defendant first challenges the sufficiency of the evidence and the trial court's denial of defendant's motion for a directed verdict with respect to the charge of second-degree murder. We find no error. The trial court used the proper standard in denying defendant's motion. See, e.g., *People v Vincent*, 455 Mich 110, 121; 565 NW2d 629 (1997). Moreover, viewing the evidence that was presented by the prosecution up to the time the motion was made in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt (1) that Word died, (2) that defendant's acts were a contributory cause that were a substantial factor in producing Word's death, (3) that circumstances of justification, excuse, or mitigation did not exist, and, (4) that defendant's acts were done with

the intent to inflict great bodily harm or the intent to create a very high risk of death with the knowledge that the act probably would cause death or great bodily harm. *Vincent, supra; People v Bailey*, 451 Mich 657, 669, 676; 549 NW2d 325 (1996), amended 453 Mich 1204 (1996). Likewise, defendant's conviction is supported by sufficient evidence. *People v Reeves*, 222 Mich App 32, 34; 564 NW2d 476 (1997).

Next, defendant argues that the trial court erroneously instructed the jury with respect to the element of malice. However, defendant did not object to the instructions as given. Thus, review of this issue is foreclosed absent manifest injustice. *People v Kuchar*, 225 Mich App 74, 78; 569 NW2d 920 (1997). In this case, we conclude that manifest injustice will not result from our failure to review this issue because the disputed instructions, as a whole, adequately conveyed to the jury the concept of malice. *Bailey, supra*, 451 Mich 669.

Next, defendant objects to portions of the prosecutor's closing and rebuttal arguments. However, defendant did not object to any of the remarks that he now claims were improper. This Court will reverse in the absence of an objection only if a curative instruction could not have eliminated the prejudicial effect of the remarks or where failure to review the issue would result in a miscarriage of justice. *People v Messenger*, 221 Mich App 171, 179-180; 561 NW2d 463 (1997). After reviewing the disputed remarks, we conclude that any errors that did occur could have been eliminated with a curative instruction and, therefore, do not require reversal. *Id.* at 180.

Next, defendant takes issue with opinion testimony elicited during the prosecutor's cross-examination of

defendant's expert witness in behavioral psychology. However, no objection was made at trial on the ground now asserted on appeal. "It is well established that objections to admissibility not properly raised at trial cannot be later asserted on appeal." *People v Kilbourn*, 454 Mich 677, 685; 563 NW2d 669 (1997).

Next, defendant takes issue with the admission of testimony, as well as the prosecutor's subsequent argument, concerning the fact that, after she drowned, Word's right leg was severed by a boat propeller. However, defendant did not object to the admission of this testimony or the prosecutor's argument concerning this testimony.[1] Accordingly, appellate review is precluded. *Kilbourn*, *supra*; *Messenger*, *supra*.

Next, defendant raises another evidentiary issue. Below, defendant sought to admit under MRE 803(24)[2] evidence that a police officer had recorded in a report a statement by a witness named Simmons that Word, after being assaulted by defendant, had stated that she was going to kill herself. The officer testified outside the presence of the jury that after

---

[1] Defendant did object to the admission of photographs depicting the severance. However, the trial court sustained the objection and ruled that these photographs were inadmissible.

[2] MRE 803(24) and MRE 804(b)(6) provide identical hearsay exceptions. However, for admission under MRE 803, the availability of the declarant is immaterial, while admission under MRE 804 requires that the declarant be unavailable. In this case, although arguing below that the police report with a statement by a witness named Simmons was admissible under MRE 803(24), defense counsel also argued that Simmons was unavailable as a witness, thus raising the applicability of MRE 804(b)(6). The trial court did not consider this argument, but instead decided that the police report with Simmons' statement was not sufficiently trustworthy to be admissible under either MRE 803(24) or MRE 804(b)(6). On appeal, defendant argues only with regard to the hearsay exception contained in MRE 803(24).

Word jumped from the bridge he approached a group of four people who were "on the sidewalk on the same side of the bridge where she jumped" and who were "kind of laughing and giggling about the whole situation," and asked them "what happened." The officer testified that Simmons told him

> that an unidentified vehicle, he didn't know what kind of car it was, he said hit the rear of the station wagon and then he said that two—what he say two black males got out [sic] the vehicle and start destroying the station wagon with like crowbars or poles or something. And then he also said—he said they assaulted the female. He said the female then exits the vehicle and runs on the west side of the bridge stating that she was going to kill herself. He said at the same time two identified black males follow her over the bridge and jumped into the water to save her.

The officer further testified that he did not recall getting any information from Simmons concerning Simmons' location at the time he allegedly heard Word state that she was going to kill herself.

The trial court, analyzing the issue as constituting various levels of hearsay (Word's statement, Simmons' statement, and the officer's recording of Simmons' statement), ruled that this evidence could not be admitted because each level of hearsay, particularly the circumstances surrounding Simmons' statement, lacked sufficient circumstantial guarantees of trustworthiness. Specifically, the court noted (1) that no other prosecution or defense witness had testified that they heard Word say that she was going to kill herself, (2) that there was no indication that Simmons had been within earshot of Word at the time she allegedly said she was going to kill herself, (3) that questions existed concerning whether Simmons actually

received his information from the group he was with or independent of the group, (4) that the fact that the group had been laughing and giggling about Word's jumping reduced the trustworthiness of Simmons' statement, (5) that at least sixteen minutes had elapsed between the time Simmons allegedly heard Word's statement and Simmons informed the officer of this statement, (6) that the scene at the time Simmons made his statement was chaotic, and (7) that the officer did not write the statement down as Simmons was talking.

On appeal, defendant contends that the trial court erred in excluding this evidence.

MRE 803(24) provides, in relevant part, as follows:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> \*    \*    \*
>
> (24) *Other Exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact, (B) the statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts, and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Because we have found no Michigan cases construing the trustworthiness requirement in the newly adopted "catch-all" or "residual" hearsay exceptions contained in MRE 803(24) and MRE 804(b)(6), we look to the analogous federal evidentiary rules for guidance. See FRE 803(24); FRE 804(b)(5).

In *United States v Barrett*, 8 F3d 1296, 1300 (CA 8, 1993), the Eighth Circuit Court of Appeals considered the issue whether hearsay evidence of a child's statements concerning her mother's abuse were sufficiently trustworthy to be admissible under FRE 803(24):

> In order to comply with the Sixth Amendment, hearsay statements offered into evidence must bear "adequate 'indicia of reliability.'" This reliability requirement is fulfilled when the hearsay statement either "'falls within a firmly rooted hearsay exception'" or occurs under circumstances with "'particularized guarantees of trustworthiness.'" Because the residual exception [FRE 803(24)] "is not a firmly rooted hearsay exception for Confrontation Clause purposes," these [the child's] statements must be analyzed for particularized guarantees of trustworthiness. In order to determine whether a statement meets this standard, the trial court must examine the totality of the circumstances surrounding the making of the statement and those rendering the declarant particularly worthy of belief. [Citations omitted.]

In *Barrett*, the court noted that the trustworthiness factors appropriate for it to consider in that case with respect to the child's statements included (1) the spontaneity of the statement, (2) the consistent repetition of the statement, (3) the child's lack of a motive to fabricate, and, (4) the reason for the child's inability to testify at trial. *Id.*

In *United States v Shaw*, 69 F3d 1249, 1253 (CA 4, 1995), the Fourth Circuit Court of Appeals explained that the trustworthiness requirement contained in FRE 804(b)(5) "serves as a surrogate for the declarant's in-court cross-examination" and that, therefore, a statement's trustworthiness "is satisfied if the court

can conclude that cross-examination would be of 'marginal utility.' "

In *United States v Trenkler*, 61 F3d 45, 58 (CA 1, 1995), the First Circuit Court of Appeals explained that the trustworthiness requirement of FRE 803(24)

is largely fact driven, and its focus will vary depending on the context in which the issue arises. A court, however, may consider whether the evidence shares reliability factors (e.g., personal knowledge, lack of bias) common to the other hearsay exceptions and whether the evidence, but for a technicality, would otherwise come within a specific exception. Essentially, the district court must determine whether the totality of the circumstances surrounding the statement establish its reliability sufficiently enough to justify foregoing the rigors of in-court testimony (e.g., live testimony under oath, cross-examination) that ordinarily guarantee trustworthiness. [Citations omitted.]

In this case, the trial court essentially found that a significant question existed concerning whether Simmons had actually heard, and thus had personal knowledge of, Word's statement in light of the evidence of the group's demeanor and the lack of evidence concerning Simmons' location when he allegedly heard Word's statement. Certainly, cross-examination of Simmons would have been of more than marginal utility in this case. Accordingly, we conclude that the trial court did not abuse its discretion in excluding on the ground of untrustworthiness the evidence of the officer's report that contained Simmons' statement. *People v Phillips*, 217 Mich App 489, 497; 552 NW2d 487 (1996).

Finally, we reject defendant's claim that he was denied the effective assistance of counsel. Defendant has failed to demonstrate that his counsel's perform-

ance fell below an objective standard of reasonableness or that the representation prejudiced defendant so as to deprive him of a fair trial. *Id. People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).

Affirmed.