PEOPLE v AGUWA

Docket No. 217104. Submitted December 14, 2000, at Detroit. Decided March 6, 2001, at 9:00 A.M.

Maximus E. Aguwa was convicted by a jury in the Oakland Circuit Court, David F. Breck, J., of uttering and publishing for negotiating department store gift certificates that he and another person had obtained through the use of a stolen credit card and false identification. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in denying the defendant's motion for a directed verdict, the motion having been brought on the asserted ground that there was no evidence that the gift certificates were false or forged. Any person who utters and publishes as true any false, forged, altered, or counterfeit record, deed, instrument, or other writing, knowing the same to be false, altered, forged, or counterfeit, with intent to injure or defraud, is guilty under the uttering and publishing statute, MCL 750.249. The defendant's appropriation of gift certificates using another person's identity, stolen credit card, and falsified identification rendered the gift certificates false instruments within the contemplation of the uttering and publishing statute.

2. The trial court did not abuse its discretion in admitting evidence of the defendant's participation in the underlying credit card fraud involved in the appropriation of the gift certificates. To convict the defendant of uttering and publishing, the prosecution had to pvove that the defendant knew the gift certificates were false, the defendant intended to defraud, and the defendant presented the false gift certificates for payment. Evidence of the defendant's participation in the credit card fraud was both material and sufficiently probative of whether he had the requisite knowledge and fraudulent intent required for conviction. Furthermore, the evidence was properly admissible under MRE 404(b) as evidence of other crimes, wrongs, or acts because it was offered for a proper purpose, was relevant to an issue or fact of consequence at trial, and was sufficiently probative to outweigh any danger of unfair prejudice.

Affirmed.

CRIMINAL LAW — UTTERING AND PUBLISHING.

> A store gift certificate that is obtained by a person using a stolen credit card and false identification and used by that person to purchase merchandise is a false instrument within the contemplation of the uttering and publishing statute (MCL 750.249).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Laura K. Vickers*, for the defendant on appeal.

Before: DOCTOROFF, P.J., and CAVANAGH and METER, JJ.

PER CURIAM. Defendant, Maximus E. Aguwa, appeals as of right his jury trial conviction of uttering and publishing, MCL 750.249. Defendant was sentenced as an habitual offender, second offense, MCL 769.10, to 1½ to 20 years' imprisonment. We affirm.

The evidence adduced at trial included that defendant and an acquaintance, Donna Morgan, decided to perpetrate a "credit card fraud." Toward that end, a stolen Discover credit card and a falsified Utah identification were obtained in the name of Gladys Reed. Defendant and Morgan then went to two different J. C. Penney stores and, using the credit card and Utah identification, purchased several gift certificates totaling $3,000. Thereafter, defendant and Morgan purchased cologne and a diamond ring using the gift certificates. Later that same evening, defendant and Morgan went to a J. C. Penney store to return the diamond ring for a cash refund. The store clerk refused to give a cash refund and telephoned store security.

As defendant and Morgan left the store, they were arrested by police.

Defendant first argues on appeal that his motion for a directed verdict should have been granted because there was no evidence that the gift certificates were false or forged as required for an uttering and publishing conviction. Defendant contends that the fraudulent means by which the gift certificates were acquired is irrelevant to the application of the uttering and publishing statute. We disagree.

Whether an instrument of apparent legal significance procured by fraud constitutes a false instrument within the contemplation of the uttering and publishing statute presents an issue of first impression. As a question of law, the matter is reviewed de novo. *People v Connor*, 209 Mich App 419, 423; 531 NW2d 734 (1995).

The uttering and publishing statute, MCL 750.249, provides as follows:

> Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years.

The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. *People v Bartlett*, 231 Mich App 139, 145; 585 NW2d 341 (1998). To discern the intent of the Legislature, this Court must first look to the specific language of the statute. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). This Court must presume that every word, phrase, and clause in the stat-

ute has meaning and must avoid any construction that would render any part of the statute surplusage or nugatory. *Id.* at 285. Every word or phrase is accorded its plain and ordinary meaning, unless defined in the statute, taking into account the context in which the words are used. *People v Nimeth,* 236 Mich App 616, 620; 601 NW2d 393 (1999), quoting *People v Hack,* 219 Mich App 299, 305; 556 NW2d 187 (1996). We may refer to dictionary definitions when construing the undefined language contained in a statute. *People v Morey,* 461 Mich 325, 330; 603 NW2d 250 (1999). The word "false" is not defined in the statute; therefore it must be accorded its plain and ordinary meaning. The relevant dictionary definitions of "false" include "not true or correct; erroneous; wrong," and "tending to deceive or mislead; deceptive." *Random House Webster's College Dictionary* (1997).

In *People v Hogan,* 225 Mich App 431; 571 NW2d 737 (1997), this Court held that an instrument need not be forged to be deemed a false instrument within the contemplation of the uttering and publishing statute. In that case, the defendant opened a credit union account using a fictitious name, knowingly presented a worthless check drawn on the account in an attempt to purchase goods, and endorsed the check using the fictitious name. This Court held that, although the fraudulent act was not accomplished by forgery, the defendant's conduct constituted the utterance and publication of a false instrument. *Id.* at 434-435.

Compared to *Hogan,* the instant case presents a slight variation of the fraudulent scheme; however, we find it is a distinction without a difference. Reasonable construction of the statute leads us to con-

clude that defendant's appropriation of gift certificates using another person's identity, stolen credit card, and falsified identification rendered the gift certificates false instruments within the contemplation of MCL 750.249, the uttering and publishing statute.

Defendant's argument that the gift certificates were "valid" despite the fraudulent means by which they were procured is contrary to the purpose and spirit of the uttering and publishing statute. Although defendant presented "facially valid" gift certificates, defendant's fraudulent acts induced the creation of the gift certificates. Thus, the gift certificates appeared to be legally valid instruments, the presentment of which would entitle defendant to valuable goods and services. However, defendant had no legal right to own, present, or convert the gift certificates into valuable goods and services. Nevertheless, defendant presented the gift certificates to the J. C. Penney store clerk, thus asserting their genuineness, knowing that the instruments were fraudulently acquired, and demanded goods to which he was not entitled and for which liability in someone other than defendant might have been created had defendant accomplished his illegal purpose. See *People v Hester*, 24 Mich App 475, 480-481; 180 NW2d 360 (1970). We hold that such conduct is proscribed by the uttering and publishing statute. Furthermore, our construction of this criminal statute is consistent with the overall context of the statute, takes into consideration the evil sought to be penalized by the statute, and appropriately effectuates the object of the statute. See *People v Hill*, 433 Mich 464, 474, n 8; 446 NW2d 140 (1989); *Hester, supra* at 481. Therefore, there was sufficient evidence to support defendant's conviction of uttering and publishing,

and the trial court properly denied defendant's motion for a directed verdict.

Defendant next argues that he was denied a fair trial because the prosecutor introduced evidence that defendant participated in the underlying credit card fraud involved in the appropriation of the gift certificates. We disagree. At trial defendant objected to the admission of testimony regarding the credit card fraud on the ground of relevance. On appeal, however, defendant challenges the admission of the testimony on the basis of MRE 404(b). The latter argument was not properly preserved for appellate review. MRE 103(a)(1); *People v Welch*, 226 Mich App 461, 464; 574 NW2d 682 (1997). Unpreserved claims of nonconstitutional error are reviewed to determine whether a plain error occurred that affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764, 774; 597 NW2d 130 (1999).

First, defendant argues that testimonial evidence regarding his alleged participation in the underlying credit card fraud was irrelevant because it was not "charged conduct." We disagree. The decision whether to admit evidence is within the trial court's discretion and is reviewed on appeal for an abuse of discretion. *People v Bahoda*, 448 Mich 261, 289; 531 NW2d 659 (1995). This Court will find an abuse of discretion only when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. *People v Hoffman*, 225 Mich App 103, 104-105; 570 NW2d 146 (1997). We hold that the trial court did not abuse its discretion.

Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the

determination of the action more or less probable than it would be without the evidence. MRE 401; *People v Crawford*, 458 Mich 376, 388-389; 582 NW2d 785 (1998). All elements of a criminal offense are "in issue," and thus material, when a defendant enters a plea of not guilty. *Id.* at 389. The elements that must be proved to establish the offense of uttering and publishing, with regard to this case, are that the defendant (1) knew the gift certificates were false, (2) intended to defraud, and (3) presented the false gift certificates for payment. See *People v Shively*, 230 Mich App 626, 631; 584 NW2d 740 (1998); *Hogan, supra* at 435. Testimony regarding the underlying credit card fraud in which defendant allegedly participated was both material and sufficiently probative of whether defendant had the requisite knowledge and fraudulent intent required for conviction on the charge of uttering and publication. See generally *People v Engelman*, 434 Mich 204, 212-213; 453 NW2d 656 (1990); *People v Mayhew*, 236 Mich App 112, 121-122; 600 NW2d 370 (1999). Consequently, the trial court did not abuse its discretion in admitting the testimonial evidence over defendant's relevancy objection.

Further, the testimonial evidence was properly admissible under MRE 404(b). Evidence of other crimes, wrongs, or acts is admissible under MRE 404(b) if the evidence is "(1) offered for a proper purpose and not to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, and (3) sufficiently probative to outweigh danger of unfair prejudice, MRE 403." *People v Ho*, 231 Mich App 178, 185-186; 585 NW2d 357 (1998), citing *People v Vander-Vliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993),

amended 445 Mich 1205 (1994). In this case, evidence of defendant's alleged participation in the underlying credit card fraud was admissible to prove the essential elements of the charged offense rather than defendant's character. Further, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, no plain error occurred that affected defendant's substantial rights.

Affirmed.