PEOPLE v CASSADIME

Docket No. 247967. Submitted September 4, 2003, at Lansing. Decided
September 9, 2003, at 9:10 A.M.

Angela L. Cassadime, charged in the Washtenaw Circuit Court with
holding herself out as a registered nurse while not licensed as one
and with uttering and publishing as true a forged license, moved to
quash the latter charge. The court, Melinda Morris, J., granted the
motion, ruling that the defendant did not violate the uttering and
publishing statute by presenting to her employer a copy of a forged
license, and that the copy of the forged license was inadmissible
under MRE 1002, the best evidence rule. The prosecution appealed
by leave granted.

The Court of Appeals *held*:

1. The uttering and publishing statute, MCL 750.249, provides
that any person who shall utter and publish as true, any false,
forged, altered, or counterfeit record, deed, instrument, or other
writing, knowing the same to be false, altered, forged, or counter-
feit, with intent to injure or defraud, shall be guilty of a felony. The
statute applies to copied documents. The Legislature clearly
intended the statute to preclude use of a false, forged, altered, or
counterfeit instrument to injure or defraud. It is immaterial
whether the instrument relied on by the injured party is an original
or a copy.

2. The defendant's alleged actions, if proven, would have
impaired a legitimate licensing function of the government and
would be sufficient to sustain an uttering and publishing
conviction.

3. A forged instrument need not be accepted as good; the crime
of uttering and publishing is complete upon the offer of a forged
instrument as valid.

4. MRE 1004(2) allows the admission of a photocopy. The copy
produced at the defendant's preliminary examination was the best
evidence available.

Reversed and remanded for further proceedings.

CRIMINAL LAW — UTTERING AND PUBLISHING — FALSE INSTRUMENTS — COPIES.

    A person who, with intent to injure or defraud, offers as true a copy of a false, forged, altered, or counterfeit instrument is guilty of the crime of uttering and publishing (MCL 750.249).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Richard M. C. Adams*, Assistant Attorney General, for the people.

*Osetek & Associates, P.C.* (by *Peter J. Osetek*), for the defendant.

Before: METER, P.J., TALBOT and BORRELLO, JJ.

BORRELLO, J. Defendant was charged with a violation of MCL 333.16294 for holding herself out as a registered nurse (count I) and a violation of MCL 750.249 for uttering and publishing a nursing license that was forged, false, or altered (count II). Defendant is alleged to have provided her employer with a copy of a state-issued nursing certificate, which the state claims is a forged document. Defendant moved for dismissal of count II on the grounds that MCL 750.249 does not apply to copies of altered or forged documents. Additionally, defendant argued that introduction of a copy of the nursing license violated the best evidence rule, MRE 1002. The trial court granted defendant's motion to quash count II, ruling that the presentation of a copied document does not violate the provisions of MCL 750.249. The trial court also ruled that the copied document defendant had submitted to her employer was inadmissible under the best evidence rule. We hold that MCL 750.249 is applicable to copied documents, and further that the intent of the Legislature in drafting MCL 750.249 was to impose penalties on individuals who attempt to defraud with the use of an altered document, irre-

spective of whether it is an original or a copy. Additionally, the best evidence rule does not apply to the introduction into evidence of a copy of an altered document where defendant submitted the copy as evidence of her status as a nurse. Accordingly, we reverse the trial court and remand this matter for further proceedings in accordance with this opinion.

Defendant interviewed and was hired to work at Heartland Health Care Center, a nursing care facility in Ann Arbor, Michigan. In January of 1999, defendant was assigned the duties of nursing supervisor, a position that required defendant to hold a registered nurse license issued by the state of Michigan. Defendant told her employer that she sat for the licensing examination after graduating from the University of Michigan, and that she was awaiting the results of the examination. After trying to ascertain her status as a licensed R.N., defendant's employer required her to immediately submit her nursing license. Defendant went to her automobile and gave a copy of a license to an employee of Heartland. The employee then made a copy of defendant's document and returned the document to defendant. On the copy of the document defendant presented to her employer, the word "VOID" appeared on the sides of the documents. At defendant's preliminary examination, the state produced evidence that licensure cards have color-coding so that if they are photocopied, the license will state "VOID." Thereafter, another employee of Heartland telephoned a state office and discovered that defendant did not hold a license as a registered nurse. Additional inquiry revealed that defendant had not even graduated from the University of Michigan.

A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial. *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). Additionally, whether alleged conduct falls within the scope of criminal law is a question of law subject to review de novo. *Id.*, citing *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991).

The sole element of uttering and publishing at issue in the instant case is whether a copy of a forged, counterfeit, or altered license constitutes a forged instrument within the meaning of the uttering and publishing statute.

MCL 750.249 provides:

> Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged, or counterfeit, with intent to injure or defraud . . . shall be guilty . . . .

To discern the Legislature's intent, this Court must first look to the specific language of the statute. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). Further, "this Court must presume that every word, phrase, and clause in the statute has meaning and must avoid any construction that would render any part of the statute surplusage or nugatory." *People v Aguwa*, 245 Mich App 1, 3-4; 626 NW2d 176 (2001). Every word or phrase in the statute is accorded its plain and ordinary meaning. *Id.* at 4.

The language of MCL 750.249 is clear and unambiguous. As noted by our Supreme Court in *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663

(2002), "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." Therefore, unlike the trial court, we do not intend to read into the statute that the only means by which one can be guilty of the crime of uttering and publishing is with the use of an original document. By so holding, the trial court clearly erred.

The language of MCL 750.249 does not distinguish between a copy of and an original false, forged, altered, or counterfeit record, deed, or instrument. The clear intent of the statute is to preclude individuals from using a false, forged, altered, or counterfeit record, deed, or instrument to injure or defraud. It is therefore immaterial whether the instrument relied on by the injured party is an original or a copy. One commits the crime by uttering or publishing a false, forged, altered, or counterfeit record, deed, or instrument, whether it is an original or a copy. See *People v Kagan*, 264 Cal App 2d 648, 652; 70 Cal Rptr 732 (1968); *People v Cooper*, 83 Cal App 3d 121, 124; 147 Cal Rptr 705 (1978) (holding that by requiring an original be used as evidence of uttering and publishing a forger could always insulate themselves from liability by photocopying their forged instruments).

In *People v Carter*, 106 Mich App 765, 768; 309 NW2d 33 (1981), this Court determined that conduct that impairs a legitimate licensing function of the government is sufficient to sustain an uttering and publishing conviction. In *Carter, supra*, the defendant presented a forged license to acquire a pistol. On appeal, the defendant argued that the license was not subject to the uttering and publishing and forgery statutes since it was not an instrument capable of

affecting the rights of others or creating liability in others. This Court held that that license was a forged public record and that defendant's conduct was of the type that the uttering and publishing statute was written to prevent. This Court held:

> We agree that defendant's use of the forged license did not affect the rights and liabilities of others. However, his action was such to defraud the state itself. The state controls the sale of pistols by subjecting purchasers and sellers to the licensing requirement. The use of a forged license impairs this legitimate governmental function, even though the state suffers no pecuniary loss. [*Id.* at 768.]

MCL 333.17211 provides that "[a] person shall not engage in the practice of nursing or the practice of nursing as a licensed practical nurse unless licensed or otherwise authorized by this article." Consistent with the holding in *Carter, supra,* we hold that the actions of the defendant operated as an impairment of a legitimate governmental function. Presentation of a falsified license directly impairs the state's function of controlling the licensing of nurses.

Defendant also contends that the copy of the license produced by the employer states on its face "VOID," and thus defendant has not been shown to have intentionally deceived a person. However, testimony elicited at the preliminary examination clearly indicated that on the back of the license there is a statement that in the event the license is copied, it will state "VOID."

In *People v Fudge,* 66 Mich App 625, 632; 239 NW2d 686 (1976), this Court stated:

> It has long been the law in this jurisdiction that the forged instrument need not be accepted as good, but

merely that it is offered as valid . . . . Once the offer is made, the crime is complete. [*Id.* at 632 (citations omitted).]

Even though the copy of defendant's alleged license was marked "VOID," it appears from the record before us that defendant offered it as proof that she possessed a valid nursing license. Once defendant offered the copy as evidence of a nursing license, the crime was complete. *Fudge, supra.*

Defendant also argues, and the trial court agreed, that the alleged copy of the nursing license is contrary to and does not conform to the best evidence rule, MRE 1002. We disagree. First, MRE 1004(2) allows the admission of a photocopy. Second, the copy produced at the preliminary examination was the best evidence available. Testimony from Heartland's employee indicated that the employee followed defendant to her automobile, took the alleged nursing license from her, made a photocopy and handed the alleged license back to defendant. This photocopy therefore became the best evidence of the crime. We find that the best evidence rule is wholly inapplicable to the introduction of the copy made by Heartland's employee.

For the reasons set forth herein, we reverse the trial court and remand this matter for trial in conformity with this opinion. We do not retain jurisdiction.